GREENVILLE BUS COMPANY, PROSECUTOR, v. BOARD OF PUBLIC UTILITY COMMISSIONERS, DEFENDANT.

Argued May 7, 1941—Decided May 17, 1941.

Before Justices PARKER, DONGES and COLIE.

For the prosecutor, *Pitney, Hardin & Skinner.*

For the Board of Public Utility Commissioners, *John A. Bernhard.*

For the City of Jersey City, *Charles A. Rooney* and *Samuel Pesin.*

For the Central Avenue Bus Company, Inc., *Theodore C. Baer* and *John R. Kelly.*

For the Public Service Co-ordinated Transport, *William H. Speer.*

PER CURIAM.

This is the return of a rule to show cause why a *certiorari* should not issue to review an order of the Board of Public Utility Commissioners, dated November 28th, 1940, on application on behalf of prosecutor, Greenville Bus Company, and others, for a *subpœna duces tecum.* The petition was filed in a cause pending before the Commission in the matter of the application of Central Avenue Bus Company, Inc., for approval of a municipal consent to said Central Avenue Bus

Company. Prior to the date fixed for hearing, application for a *subpœna duces tecum* was filed, petitioning for the production of:

"(a) The records of the Building Department of the City of Jersey City for five years last past setting forth and showing the permits for new construction, residential or industrial, in that sector of Jersey City bounded on the north by Communipaw Avenue; on the east by New York Bay; on the south by Merritt Street; and on the west by Ocean Avenue.

"(b) The records of the Medical Center of the City of Jersey City setting forth the names and addresses of all persons in said Medical Center for five years last past, resident in that sector of the City of Jersey City, bounded on the north by Communipaw Avenue; on the east by New York Bay; on the south by Merritt Street; and on the west by Ocean Avenue.

"(c) The records of the Public Service Co-ordinated Transport setting forth the passenger revenue per bus mile for five years last past on Public Service Co-ordinated Transport Routes Nos. 13 and 14 in the City of Jersey City, and the cost of the operation per bus mile for five years last past on said bus Routes Nos. 13 and 14 in the City of Jersey City.

"(d) The ordinance, resolution or other evidence of authority of the City of Jersey City, wherein and whereby trucking is prohibited on Garfield Avenue in Jersey City, from a point at or near Bayview Avenue, southerly to the City Line.

"(e) The corporate minute book, the stock ledger, the books of account, the Certificate of approval of the Board of Public Utility Commissioners, approving of the stock, and the certificates of approval of the Board of Public Utility Commissioners permitting the assessment against the stock, all of which books, records, papers, &c., are the property of the applicant herein, to wit: Central Avenue Bus Company."

The Board fixed November 28th, 1940, for hearing of the application and conducted a public hearing and concluded that requests (a) and (d) should be granted and that (b), (c) and (e) should be denied, and so ordered.

We conclude that the order of the Board was fully warranted by the record made.

As to the request for the records of the Medical Center, it appears that, during the five-year period involved, more than 1,100,000 patient records are involved; that the production of the records would avail nothing; that great expense would be involved; that what prosecutors really desire is to take the records and summarize certain data therein. This last proposal is beyond the competence of the Board and is not within the limits of the application. Further, it is doubtful if any of the information would be useful in the determination of the main question before the Board.

As to request (c), involving records of Public Service Co-ordinated Transport, it clearly appears that the records sought would not disclose the desired information. The records are not kept so as to discover the cost of operation of designated routes, but by divisions of operation. Hence, these records, as is clearly shown, would not be pertinent to the inquiry.

As to request (e), involving the books and records of Central Avenue Bus Company, it is not made to appear that these are proper or helpful in the disposition of the matter pending before the Board.

The application, therefore, is denied, with costs.

This disposition of the matter makes it unnecessary for the court to pass upon the question raised as to the availability of *certiorari* to review an interlocutory order of the Board, such as is here involved.